Robert L. COYNER, and Lorraine Coyner, his Wife, Plaintiffs,

v.

John H. BINGLER, District Director of Internal Revenue, Defendant.

Civ. A. No. 64–59.

United States District Court
W. D. Pennsylvania.

June 5, 1964.

Dougherty, Larrimer & Lee, Pittsburgh, Pa., for plaintiffs.

Gustave Diamond, U. S. Atty., for defendant.

GOURLEY, Chief Judge.

Plaintiff in this non-jury action seeks to recover $216.00 in federal income taxes paid for the year 1960, together with interest and costs.

The question presented is whether, pursuant to § 119 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 119, the value of the lodging given to the taxpayers may be excluded from their income. After a full and complete evaluation of the testimony, pleadings, and briefs filed by counsel, it is the opinion of the Court that the value of the lodging given to the taxpayers may not be excluded from their income and is taxable to them. Accordingly, judgment will be entered for the defendant and against the plaintiffs.

STATUTE INVOLVED

Internal Revenue Code of 1954:

"§ 119. Meals or lodging furnished for the convenience of the employer.

"There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

"(1) * * *

"(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

"In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation."

FACTS

The taxpayer, Coyner, worked for the City of Pittsburgh, Department of Parks and Recreation, for a number of years prior to 1960, the taxable year in question. The City maintained a number of buildings in its park and, considering it essential for the protection and for the prevention of vandalism to have someone living there, offered space in these buildings to various of its employees and their families. Coyner was given the opportunity to live rent-free in an apartment in a portion of a larger building owned by the city and, while free to accept or decline this offer, he accepted and lived with his family during 1960 in rooms located in the city-

owned King Conservation Center. (Hereinafter sometimes referred to as the "Center" or the "King Center.")

The acceptance and occupation of these rooms did not change his salary and had no relation to the work he had previously been doing for the City, nor did it later, except incidentally, have any relation to his primary employment with the City of Pittsburgh, Department of Parks and Recreation. Acceptance of the offer was completely voluntary on his part. As part of the arrangement, he was expected to, and did, perform certain maintenance work about or on the property, as well as keeping it free from vandalism and damage.

## DISCUSSION

The plaintiff employee of the City in its Department of Parks and Recreation was not required to live on the premises which is the subject of the tax litigation as a condition of his regular, normal employment, and if he elected to move out, as he has in reality since done, his employment was in no way effected, nor involved, nor were his services or salary effected in any way whatsoever.

Since living at the city-owned King Conservation and Cultural Center was not required as a condition of his regular, normal employment with the City, he does not qualify for an exclusion under § 119 of the Internal Revenue Code of 1954.

Implicit in taxpayer's position is an alternative contention that this lodging was part of a separate job as an overseer or caretaker of the King Center, and that in this job all the requirements of § 119 of the Code were met. There is no merit to this "second job" argument. This lodging was not something additional which had to be accepted as a condition of the "caretaker" job or employment but, rather, was, if anything, the payment for his presence there and whatever duties he performed about the premises. It was nothing more than salary in kind.

The Court cannot read § 119 as applying to such a situation and, therefore, must determine that the value of the house is taxable to the taxpayers.

Since plaintiffs do not dispute that the $1,200.00 assessed by the Internal Revenue Service was the rental value of the King Center apartment occupied by the taxpayers, and since said rental value is taxable, judgment will be entered for the defendant.

This Opinion shall constitute the Court's Findings of Fact and Conclusions of Law as required by Rule 52 of the Federal Rules of Civil Procedure.